UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>— against —<br><br>GEORGE LEVY,<br><br>Defendant. | 16-cr-270 (ARR)<br><br>**Not for print or electronic publication**<br><br>**Opinion & Order** |

ROSS, United States District Judge:

Defendant George Levy moved before me for a reduction in his sentence pursuant to the First Step Act, 18 U.S.C. § 3582(c)(1)(A)(i). He filed a nearly identical motion in the United States District Court for the Northern District of New York. On May 12, 2020, I stayed the motion before me pending a decision on the motion in the Northern District. Because the Northern District has denied Levy's motion for compassionate release, *see* Decision & Order, *United States v. Levy*, No. 3:10-cr-512 (N.D.N.Y. May 15, 2020), ECF No. 163, I now lift the stay and deny the motion before me without prejudice.

I assume familiarity with the factual and procedural history of this case, as well as with my lengthier opinion that analyzed Levy's First Step Act claim and stayed his motion. *See* Opinion & Order, May 12, 2020, ECF No. 76 ("May 12 O&O"). In staying Levy's motion, I reasoned that a reduction in sentence would be warranted only if such a reduction would result in Levy's immediate release from prison. *See id.* at 15–16. The urgency of the current COVID-19 public health crisis rendered Levy's circumstances extraordinary and compelling and tipped the balance of the § 3553(a) factors in favor of release. *See id.* at 15.

However, because Levy's motion in the Northern District was denied, Levy must serve the twenty-four-month sentence imposed in that court. Therefore, Levy's circumstances are not extraordinary and compelling. It is not the case that the mere eight-month prison term remaining on the Eastern District sentence is all that stands in the way of Levy's release. I must take into account the fact that, regardless of Levy's health and the presence or absence of COVID-19 in his facility, Levy will now remain imprisoned for approximately two years. At the end of that period of time, the threat of COVID-19 might well have subsided. Thus, his circumstances do not call for a reduction in his sentence today. Nor do the § 3553(a) factors militate in favor of a reduction in sentence at present. In my previous opinion, I reasoned that

> [i]n light of the grave risk that COVID-19 poses to Levy's health, a term of imprisonment that is just eight months shy of Levy's full, actual term is sufficient. To require him to remain in detention for eight more months, when there is a real chance that he could develop a severe illness because a pandemic has emerged and conditions of confinement place him at risk given his medical history, would be to require a sentence that is greater than necessary to achieve the purposes of sentencing.

May 12 O&O at 14 (citing *United States v. Pena*, No. 15-cr-551 (AJN), 2020 WL 2301199, at *4 (S.D.N.Y. May 8, 2020)). Now, however, a denial of compassionate release in this court would require Levy to remain in detention for eight more months in addition to the approximately two years that he will serve on the Northern District sentence. I cannot conclude at this time that my sentence is greater than necessary, because this sentence, standing alone, is not placing Levy at any additional risk.

Therefore, the stay that I imposed on May 12, 2020 is lifted, and Levy's motion is denied without prejudice to renewal if the circumstances surrounding his Northern District sentence change. In addition, I find the government's motion for reconsideration of my May 12 order to be moot at this time. *See* Mot. for Recons., ECF No. 77. The Clerk of Court is respectfully requested

to terminate that motion for reconsideration on the docket. Should Levy renew his motion for compassionate release in the future, I will consider the arguments set forth in the government's motion for reconsideration in reaching a decision.

SO ORDERED.

Dated:      May 18, 2020                          _____/s/_____
            Brooklyn, New York                    Allyne R. Ross
                                                  United States District Judge